LAW OFFICE OF MICHAEL J. REISER
MICHAEL J. REISER, ESQ. (SBN 133621)
LILIA BULGUCHEVA, ESQ. (SBN 291374)
1475 N. Broadway, Suite 300
Walnut Creek, California 94596
Telephone: (925) 256-0400
Facsimile: (925) 476-0304
michael@reiserlaw.com
lilia@reiserlaw.com

NOTE: CHANGES MADE BY THE COURT

THE MEADE FIRM P.C.
TYLER R. MEADE, ESQ. (SBN 160838)
MELISSA RIESS, ESQ. (SBN 295959)
1816 Fifth Street
Berkeley, CA 94710
Telephone: (510) 843-3670
Facsimile: (510) 843-3679
tyler@meadefirm.com
melissa@meadefirm.com

GIBBS LAW GROUP LLP
MICHAEL SCHRAG (SBN 185832)
LINDA LAM (SBN 301461)
505 14th St. Suite 1110
Oakland, CA 94612
Telephone: (510) 530-9700
Facsimile: (510) 530-9701
mls@classlawgroup.com
lpl@classlawgroup.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAROLINE V. SMITH, individually and as trustee of the J. and K. Revocable Inter Vivos Trust dated January 12, 1990, doing business as Guardian Self Storage; UPWARD INVESTMENTS, LLC, doing business as Guardian Self Storage; JANARDHAN GRANDE; JANARDHAN GRANDE, MD, A MEDICAL CORPORATION, doing business as Central Valley Pain Management; MUKESH BHATT, | Case No. 5:16-cv-01893-JLS(JPRx)<br><br>**AGREED PROTECTIVE ORDER**<br><br>[Stipulation for Entry of Agreed Protective Order Filed Herewith] |

[PROPOSED] PROTECTIVE ORDER

| | |
|---|---|
| 1 | MD, MUKESH BHATT, MD, INC.,<br>C. MICHAEL JONES, JR.; C. |
| 2 | MICHAEL, INC.; JOSHUA AGLE; |
| 3 | PIETER AGLE, individually and<br>doing business as SHAGMART; and |
| 4 | HARISH KHER, MD, |
| 5 | |
| 6 | Plaintiffs, |
| 7 | v. |
| 8 | AMERICAN GENERAL LIFE<br>INSURANCE COMPANY; |
| 9 | SEA NINE ASSOCIATES, INC.; |
| 10 | INNOVATIVE PRIVATE<br>STRATEGIES & INSURANCE |
| 11 | SERVICES, INC.; I.P.S. PRIVATE |
| 12 | ADVISORS; PETER MORDIN; and<br>DOES 1 – 10, |
| 13 | |
| 14 | Defendants. |

WHEREAS, Plaintiffs and Defendants (collectively the "Parties") may seek discovery of documents, information, or other materials that contain the private and confidential medical records or the financial records of non-parties;

WHEREAS, private and confidential medical records or financial records of non-parties are protected from public disclosure by, amongst other laws and regulations, the Federal Health Insurance Portability and Accounting Act (45 C.F.R. § 164.508) (prohibiting disclosure of confidential medical information), California's Confidentiality of Medical Information Act (CAL. CIV. CODE § 56, *et seq.*) (same), and the California Financial Information Privacy Act (CAL. FIN. CODE § 4050, *et seq.*) (prohibiting disclosure of protected financial information);

WHEREAS, the Parties in this action have or may seek discovery of documents and information for which "good cause" exists to protect the information from being disclosed to the public, including but not limited to

documents and information that may contain individuals' private information and/or a party's confidential financial information; specifically, certain documents and materials contain internal memoranda, confidential procedures containing proprietary actuarial and underwriting information, personal and medical records of the insureds, private information regarding owners, beneficiaries, and assignments of life insurance policies, and personal financial information regarding non-parties' financial analyses;

WHEREAS, Federal Rule of Civil Procedure 26(c)(1)(G) permits the Court to restrict public access to documents containing of confidential or non-public commercial information that may be produced or provided in discovery;

WHEREAS, the Parties to this action believe that good cause exists to enter this protective order as set forth in the accompanying Stipulation for Entry of Agreed Protective Order ("Stipulation"); and

WHEREAS, the Court finds that good cause exists for the entry of this protective order under *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1209 (9th Cir. 2002), and pursuant to Federal Rule of Civil Procedure 26(c), the Court orders as follows:

1. This Agreed Protective Order ("Order") shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given or exchanged by and among the parties and any non-parties to this action (the "Litigation") in connection with discovery in the Litigation (such information hereinafter referred to as "Discovery Material").

2. Any party or non-party who provides or has provided information or material to any party in connection with this Litigation (a "Producing Party") may designate any Discovery Material as "CONFIDENTIAL" under the terms of this Order if the Producing Party believes in good faith that such Discovery Material contains non-public, confidential, proprietary, or commercially or personally sensitive information that requires the protections provided in this Order ("Confidential Discovery Material").

3. The designation by any Producing Party of Discovery Material as "CONFIDENTIAL" shall be made only after review by an attorney for the designating party based on a good faith belief that there is a valid basis for such designation.

4. Confidential Discovery Material, or information derived therefrom, shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including any other lawsuit, or any other business, commercial, or personal purpose, except that nothing in this paragraph shall be deemed a waiver of any party's rights to obtain discovery in another proceeding in accordance with applicable law.

5. The designation of Discovery Material as "CONFIDENTIAL" for purposes of this Order shall be made in the following manner by any Producing Party:

    a. in the case of documents or other materials (apart from depositions or other pretrial discovery-related testimony), by affixing the legend "CONFIDENTIAL" to each page containing any Confidential Discovery Material, provided that the failure to designate a document as CONFIDENTIAL does not constitute a waiver of such claim if, promptly after the discovery of inadvertent production, the Producing Party properly designates the Discovery Material as "CONFIDENTIAL", with the effect that such document is subject to the protections of this Order; and

    b. in the case of depositions or other pretrial discovery-related testimony: (i) by a statement on the record, by counsel, at or before the conclusion of the deposition; or (ii) by written notice, sent by counsel to all parties within ten (10) days after the receipt of the transcript of the deposition or other pretrial testimony, provided that only those portions of the transcripts designated as "CONFIDENTIAL" shall be deemed Confidential Discovery Material. All depositions will be treated as confidential until the expiration of the ten (10) day

period. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition or in writing, without further order of the Court. No such modification, however, will have the force or effect of a court order.

6. Except as specifically provided for in this or subsequent Court orders, Confidential Discovery Material or its contents shall not be revealed, disclosed, or otherwise made known to persons, directly or indirectly, other than the following:

    a. the parties to the Litigation, including the parties' officers, directors, managers, and employees (including in-house counsel), who are necessary to assist counsel for the parties in the conduct of the Litigation for use in accordance with this Order;

    b. experts or consultants who are not officers, directors, managers or employees of any party and whom counsel of record deems necessary to assist counsel of record in the conduct of this Litigation and who sign the undertaking attached as **Exhibit A**;

    c. counsel for the parties, employees, contractors, and vendors of such counsel assisting in the conduct of the action for use in accordance with the terms of this Order;

    d. trial or deposition witnesses;

    e. the Court and Court personnel, including jury members (if applicable);

    f. court reporters employed in connection with this Litigation; and

    g. any person who, by the parties' agreement or court order, serves as a mediator of this dispute, and employees of any such mediator(s) assisting in the conduct of the mediation.

7. Every person given access to Confidential Discovery Material or information contained therein shall be advised that the information is being

disclosed pursuant and subject to the terms of this Order and may not be disclosed other than pursuant to the terms thereof.

8. Motions and other pleadings containing Confidential Discovery Material shall be submitted under seal in accordance with applicable law and procedure, including the local rules and procedures set forth by the United States District Court for the Central District of California[1] and the assigned Judge's standing orders. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

9. A party filing a motion or other pleading containing Discovery Material designated "CONFIDENTIAL" by another party is relieved of the obligation of preparing the application or motion to seal if, at least five days before the date of filing, the filing party gives the designating party notice of the confidential material contained in the motion or other pleading by e-mail or facsimile. If such notice is given: (a) the designating party shall prepare the application or motion to seal in compliance with applicable law and procedure and provide it to the filing party by noon on the day before the filing; and (b) the filing party shall file the application or motion to seal along with the motion or other pleading containing Confidential Discovery Material. In the event that the motion or pleading itself is the subject of the application to seal (such as a motion which quotes or excerpts Confidential Discovery Material), the filing party shall submit all materials to be filed under seal with the Court in accordance with the Court's Standing Order and the applicable Local Rules. If this dispute proceeds to trial, the designation of Discovery Material as "CONFIDENTIAL" does not limit a party or the parties from using that Discovery Material at trial as otherwise allowed by

---

[1] *See, e.g.,* Local Rule 79-5 and guidance provided at the following web page: https://www.cacd.uscourts.gov/sites/default/files/documents/JLS/AD/Guide%20to%20Electronically%20Filing%20Under-Seal%20Document%20in%20Civil%20Cases.pdf

6
[PROPOSED] PROTECTIVE ORDER

applicable law (unless the Court issues a further order requiring that confidentiality be maintained). For example, Discovery Material designated as "CONFIDENTIAL" may be used as evidence at trial. After exchanging and/or identifying the materials they intend to use at trial as part of the pre-trial procedures, the Parties may move the Court for the sealing or treatment of Confidential materials prior to such materials' public disclosure. Nothing in this paragraph is intended to restrict the ability of the parties to use Confidential Discovery Material at trial to the fullest extent permissible by applicable law.

10. Any party to the Litigation who objects to another party's designation of Discovery Material as "CONFIDENTIAL" shall give written notice of his or her objection to the Producing Party. If the parties cannot agree on a resolution of the dispute, the Parties shall follow the procedures to obtain a decision from the Court that is set forth in Local Rule 37 and all procedures applicable to filing documents under seal set forth by this Order, the Court's Standing Order, and the Local Rules.

11. Entering into, agreeing to, and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Order shall not:

   a. operate as an admission by any party that any particular Confidential Discovery Material contains or reflects trade secrets or any other type of confidential information;

   b. prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

   c. prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

1         d.     prejudice in any way the rights of a party to seek a determination by the Court whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Order;

        e.     prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

        f.     prevent the parties to this Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material; or

        g.     be construed as an agreement by any person to produce or supply any document, or as a waiver by any person of his right to object to the production of any document, or as a waiver of any claim of privilege with respect to the production of any document.

    12.     This Order has no effect upon, and shall not apply to, the parties' use of their own respective Confidential Discovery Material for any purpose. Nothing herein shall: (i) prevent a party from disclosing Confidential Discovery Material or other information to officers, directors, or employees of the Producing Party; or (ii) impose any restrictions on the use or disclosure by a party of documents, materials, or information designated as CONFIDENTIAL obtained lawfully by such party independently of the discovery proceedings in this Litigation and not otherwise subject to confidentiality restrictions.

    13.     If a party in possession of Confidential Discovery Material receives a subpoena or other compulsory process from a non-party to this Order seeking production or other disclosure of such confidential information, that party shall give written and telephone notice to counsel for the Producing Party within five (5) business days after receipt of the subpoena or other compulsory process; such notice shall identify the confidential information sought and enclose a copy of the subpoena or other compulsory process. If the Producing Party timely seeks a protective order, the party to which the subpoena or other compulsory process was

1  issued or served shall not, to the fullest extent permitted by applicable law, produce
2  the confidential information called for prior to receiving a court order or the consent
3  of the Producing Party.  In the event that such Confidential Discovery Material
4  containing confidential information is produced to the non-party, such material shall
5  still be treated by the parties to this action in accordance with the designation as
6  CONFIDENTIAL by the parties to this Order.

7       14.   In the event a Producing Party produces two or more identical copies
8  of a document and any such copy is designated with a lesser degree of
9  confidentiality than any other copy, all such identical documents shall be treated in
10 accordance with the most restrictive designation on any copy once notice of the
11 inconsistent designation is provided by the Producing Party.  The Producing Party
12 shall be responsible for informing the party receiving the inconsistently designated
13 information of the inconsistent designation; however, if any person subject to this
14 Order receives such inconsistently designated information, and has actual
15 knowledge of the inconsistent designation, the person shall treat all copies in
16 accordance with the most restrictive designation.

17      15.   In the event that a Producing Party inadvertently produces to any other
18 party any materials that are privileged or otherwise immune from discovery, in
19 whole or in part, pursuant to the attorney-client privilege, work product doctrine, or
20 other applicable privilege, such privileged materials may be retrieved by the
21 Producing Party by giving written notice to all parties to whom the Producing Party
22 inadvertently provided copies of the produced privileged materials of the claim of
23 privilege and the identity of the documents inadvertently produced pursuant to
24 Federal Rule of Civil Procedure 26(b)(5)(B). Upon receipt of such notice, all parties
25 or other persons who have received a copy of the inadvertently produced materials
26 shall promptly return any and all copies of those materials to the Producing Party or
27 destroy the materials.  The terms of this paragraph shall not be deemed a waiver of
28 a party's right to challenge the Producing Party's designation of materials as

9
[PROPOSED] PROTECTIVE ORDER

1  issued or served shall not, to the fullest extent permitted by applicable law, produce
2  the confidential information called for prior to receiving a court order or the consent
3  of the Producing Party.  In the event that such Confidential Discovery Material
4  containing confidential information is produced to the non-party, such material shall
5  still be treated by the parties to this action in accordance with the designation as
6  CONFIDENTIAL by the parties to this Order.

7       14.   In the event a Producing Party produces two or more identical copies
8  of a document and any such copy is designated with a lesser degree of
9  confidentiality than any other copy, all such identical documents shall be treated in
10 accordance with the most restrictive designation on any copy once notice of the
11 inconsistent designation is provided by the Producing Party.  The Producing Party
12 shall be responsible for informing the party receiving the inconsistently designated
13 information of the inconsistent designation; however, if any person subject to this
14 Order receives such inconsistently designated information, and has actual
15 knowledge of the inconsistent designation, the person shall treat all copies in
16 accordance with the most restrictive designation.

17      15.   In the event that a Producing Party inadvertently produces to any other
18 party any materials that are privileged or otherwise immune from discovery, in
19 whole or in part, pursuant to the attorney-client privilege, work product doctrine, or
20 other applicable privilege, such privileged materials may be retrieved by the
21 Producing Party by giving written notice to all parties to whom the Producing Party
22 inadvertently provided copies of the produced privileged materials of the claim of
23 privilege and the identity of the documents inadvertently produced pursuant to
24 Federal Rule of Civil Procedure 26(b)(5)(B). Upon receipt of such notice, all parties
25 or other persons who have received a copy of the inadvertently produced materials
26 shall promptly return any and all copies of those materials to the Producing Party or
27 destroy the materials.  The terms of this paragraph shall not be deemed a waiver of
28 a party's right to challenge the Producing Party's designation of materials as

privileged (provided, however, that any such challenge to the designation may only be made following the return of such identified documents to the Producing Party), nor shall such inadvertent production of any material that is subsequently retrieved pursuant to this paragraph be deemed to be a waiver of the claim of privilege asserted. No party shall use any inadvertently produced privileged materials, or information gleaned from any inadvertently produced privileged materials, in connection with this Litigation or any related actions.

Any party returning material to a Producing Party pursuant to this paragraph 15 may move the Court for an order compelling production of the material. Nothing in this paragraph waives the returning Party's argument that the Producing Party waived privilege or applicable immunity by failing to rectify the error in a timely manner after discovery of the inadvertent production and/or acted without reasonable diligence. However, the Parties shall not assert as ground for entering such an order that the Producing Party waived any privilege because of the mere fact of inadvertent production alone. Any motion made to the Court under this Paragraph shall be made pursuant to the procedures set forth in Local Rule 37 and this Order.

16. Any person receiving Confidential Discovery Material shall not disclose such information to any person who is not entitled to receive such information under this Order. If Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such materials and to prevent further disclosure by it or by the person who received such information.

17. In the event additional parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material until the newly-joined

party by its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Order, unless the Court orders otherwise.

18. Non-parties who produce documents pursuant to this Order shall have the benefit of this Order, and shall be entitled to enforce its terms, if they agree to be bound hereby.

19. The parties agree to be bound by the terms of this Order pending the entry of this Order, or another order governing confidentiality by the Court.

20. The provisions of this Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including without limitation any appeals therefrom.

21. Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of or resolving the Litigation, and upon the written request of the Producing Party, all persons having received Confidential Discovery Material shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the party that produced it or destroy all such Confidential Discovery Material and certify that fact. However, counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including Discovery Material containing Confidential Discovery Material), provided that such counsel, and employees of such counsel, shall not disclose the court papers or attorney work product to any person, except pursuant to court order or agreement with the Producing Party. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Discovery Material. Any such archival copies

that contain or constitute Confidential Discovery Material remain subject to this Protective Order. The Producing Party shall retain a complete set of Confidential Discovery Material for at least five years after the conclusion of the litigation which other parties and/or their counsel can subpoena if needed.

22. During the pendency of this Litigation, any party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material may, after making a good faith effort to resolve any such objection, present the dispute to the Court under Local Rule 37. While such dispute is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material pursuant to this Order. The provisions of this paragraph are not intended to shift the burden of establishing confidentiality. The burden of establishing confidentiality rests with the Producing Party.

23. In the event that any Confidential Discovery Material is used in any court proceeding in this Litigation or any appeal therefrom, said Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use unless the Court orders otherwise. Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceeding, subject to any subsequent trial Orders by this Court that relate to the trial and the use of Confidential Discovery Materials.

24. Each of the parties hereto shall be entitled to seek modification of this Order by application to the Court on notice to the other parties hereto. Nothing in this Order shall preclude any party from seeking judicial relief, upon notice to the other parties, with regard to any provision hereof.

25. The Court may modify the terms and conditions of the Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

26. Without a separate court order, the Order is not intended to change, amend, or circumvent any court rule or local rule.

**IT IS SO ORDERED.**

Dated: January 11, 2017      By: _____
Hon. Jean P. Rosenbluth
United States Magistrate Judge

**EXHIBIT A TO PROTECTIVE ORDER**
**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAROLINE V. SMITH, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY; *et al.*,<br><br>Defendants. | Case No. 5:16-cv-01893-JLS(JPRx)<br><br>**[PROPOSED] AGREED PROTECTIVE ORDER**<br><br>Understanding Pursuant to the Agreed Protective Order |

    I have read the Agreed Protective Order entered in this case. I agree and understand that: (a) all Confidential Discovery Material disclosed to me in this case is pursuant to and subject to the terms of this Order and may not be disclosed or used other than pursuant to the terms thereof, and (b) that the violation of the terms of the Order (by use of the Confidential Discovery Material in any impermissible manner) may subject me to punishment for contempt of a court order.

    I agree to be bound by the Order, and I consent to the jurisdiction of the above-captioned Court for purposes of the enforcement of the Order.

    Executed this _____ day of _____ [month], _____ [year], in _____ [city], _____ [state].

Signature:_____

Please print or type the following:

Name:_____

Title and Affiliation:_____

Address:_____

Telephone:_____